**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CLAYTON JENKINS,

     Plaintiff,

v.

TRINITY HEALTH CORP., d/b/a
ST. JOSEPH MERCY HOSPITAL

     Defendant.

_____/

CASE NO. 05-71401
HON. LAWRENCE P. ZATKOFF

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 20, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Plaintiff Clayton Jenkin's Motion for Voluntary Dismissal.

Defendant Trinity Health Corp. (hereinafter, "Trinity") has responded and Plaintiff has replied to

the response.  The Court finds that the facts and legal arguments are adequately presented in the

parties' papers and the decision process would not be significantly aided by oral argument.

Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved

on the briefs submitted.  For the reasons set forth below, Plaintiff's Motion for Voluntary Dismissal

is GRANTED.

## II. BACKGROUND

Plaintiff Clayton Jenkins is a former employee of Defendant Trinity.  Plaintiff's employment was terminated on March 25, 2004.  Defendant's reason for the termination was an alleged sexual harassment policy violation by Plaintiff.  Around July 1, 2004, Plaintiff made a complaint with the Equal Employment Opportunity Commission (hereinafter, "EEOC").  Plaintiff later received a right to sue letter from the EEOC dated January 12, 2005.  Plaintiff retained attorney Nicholas Roumel for the purpose of negotiating a settlement with Defendant.  Mr. Roumel and defense counsel engaged in settlement negotiations from February 23, 2005 to April 7, 2005, but were unable to settle the case.  On April 7, 2005, Mr. Roumel informed defense counsel that he would be filing a lawsuit because of the pending EEOC deadline.

On April 11, 2005, Mr. Roumel filed the present Complaint on behalf of Plaintiff in federal court.  Pursuant to the local rules, the case was randomly assigned to this Court.  On April 14, 2005, Plaintiff decided that he would voluntarily dismiss his federal court action and pursue the action in state court.  That same day, Mr. Roumel notified defense counsel Mr. Miglio by phone that Plaintiff intended to voluntarily dismiss his case.  Mr. Miglio asserted that he would oppose this action.  The following day, Mr. Miglio filed an appearance and an answer to Plaintiff's Complaint.  Defendant's answer was filed despite the fact that Defendant had not yet been served with the Complaint.  Defense counsel was able to answer the Complaint because he had been given a copy of the Complaint by Plaintiff's counsel on March 30, 2005, prior to the filing of the Complaint on April 11, 2005.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a) provides the rule for voluntary dismissal:

(1) By Plaintiff; By Stipulation.
. . . an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice...
(2) By Order of Court.
Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

## IV.  ANALYSIS

### A. Plaintiff Cannot Invoke Dismissal Under Rule 41(a)(1)

Rule 41(a)(1) gives a plaintiff the ability to file a notice of voluntary dismissal prior to the filing of an answer by the defendant.  Plaintiff has indicated in his brief that he decided to voluntarily dismiss his claim on April 14, 2005, just days after filing his Complaint, and prior to the filing of an answer by Defendant.  Plaintiff's planned use of Rule 41(a)(1) was frustrated, however, by Defendant's prompt filing of an answer to the Complaint.  Apparently, Defendant filed his answer in order to prevent Plaintiff from using Rule 41(a)(1) to voluntarily dismiss his Complaint.

Plaintiff argues that Defendant should not have been allowed to file his answer to the Complaint because Plaintiff had not yet served Plaintiff with the summons and Complaint.  *See* Plaintiff's Brief, at 2.  The Court disagrees.  It is true that the Federal Rules of Civil Procedure generally contemplate that a defendant will not file his answer until he has been served with the Complaint, but there is no explicit requirement which prevents a defendant from filing his answer

3

prior to being served with the Complaint.  The Court finds that Defendant acted properly in filing its answer when it did.  Accordingly, Plaintiff may not invoke voluntary dismissal under Rule 41(a)(1).

**B. Plaintiff's Complaint Should Be Voluntarily Dismissed Under Rule 41(a)(2)**

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court."  *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  The primary purpose of the rule is to protect the defendant from unfair treatment.  *Id.*  A district court only abuses its discretion "where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit."  *Id.* (citations omitted).

> In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Id.*

In the present case, the above factors for determining "plain legal prejudice" weigh heavily against Defendant.  When Defendant was first notified of Plaintiff's intention to voluntarily dismiss the case, Defendant had expended no effort or money on the case.  Defendant had not yet filed an answer.  In fact, at this point, Defendant had not even been served with the Complaint.

Defendant questions Plaintiff's motives for seeking dismissal and alleges that Plaintiff is engaging in judge shopping because he was unhappy that his case was assigned to this Court.  Plaintiff's counsel denies the allegation of judge shopping and asserts that he was not retained by Plaintiff to litigate his case, and that he only filed the suit on behalf of Plaintiff in order to comply

4

with the EEOC's filing deadline.  After further consultation between Plaintiff and his counsel, Plaintiff ultimately decided to proceed in state court.

Though the Court is concerned by the allegations of judge shopping, the Court is not inclined to conduct a trial on this issue in order to determine the truth of these allegations.  Instead, the Court accepts Plaintiff's explanation and finds that Defendant has not suffered plain legal prejudice. Therefore, Plaintiff's motion to dismiss should be granted and Plaintiff's Complaint should be dismissed without prejudice.

**C. Dismissal of Plaintiff's Complaint Should not be Conditioned with Costs or Attorney Fees.**

Lastly, the Court considers the issue of costs.  In its discretion, the Court may condition dismissal under Rule 41(a)(2) with an award of costs or attorney fees.  The Court declines to impose costs or attorney fees in the present case.  When Plaintiff's counsel informed defense counsel of his intent to voluntarily dismiss the Complaint, Defendant had not yet incurred any expenses in this litigation.  Because Defendant could have avoided any litigation expenses by allowing Plaintiff to voluntarily dismiss under Rule 41(a)(1), the Court declines to impose costs or attorney fees on Plaintiff.

## V. CONCLUSION

For the above reasons, the Court HEREBY GRANTS Plaintiff's Motion for Voluntary Dismissal under Rule 41(a)(2).  Plaintiff's Complaint is HEREBY DISMISSED without prejudice and without imposition of costs or attorney fees.

IT IS SO ORDERED.

 s/Lawrence P. Zatkoff
Date:   July 20, 2005     LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

5